

Joel M. Miller
Charles R. Jacob III
MILLER & WRUBEL P.C.
250 Park Avenue
New York, New York 10177
(212) 336-3500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LYDIAN PRIVATE BANK,
d/b/a VIRTUALBANK,

                        Plaintiff,

   -against-

ZURICH AMERICAN
INSURANCE COMPANY,

                        Defendant.

Case No.

ECF Case

**COMPLAINT**

Plaintiff Lydian Private Bank, d/b/a VirtualBank ("Lydian"), by its attorneys Miller & Wrubel P.C., as and for its Complaint against defendant Zurich American Insurance Company (the "Insurer") alleges as follows:

**ALLEGATIONS COMMON TO
ALL CAUSES OF ACTION**

**The Parties**

     1.     Lydian is chartered by the Office of Thrift Supervision of the United States Treasury as a Federal savings association within the meaning of 12 U.S.C. § 1464. Lydian's home office is located at 3801 PGA Boulevard, Suite 700, Palm Beach Gardens, Florida 33410-2756. Lydian is engaged in the banking business including, inter alia, mortgage lending.

2. On information and belief, the Insurer is a corporation organized under the laws of the State of New York with its principal place of business at 1400 American Lane, Schaumburg, Illinois 60196.

## Jurisdiction

3. Lydian brings this action under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

4. Pursuant to 12 U.S.C. § 1464(x), plaintiff Lydian is a citizen of the State of Florida.

5. The Insurer is a citizen of the States of New York and Illinois.

6. The Insurer is subject to personal jurisdiction in this Court as it is organized under the laws of, and transacted business in, the State of New York, including with respect to the insurance that is the subject of this action.

## Venue

7. This action is properly brought in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) and (c). Jurisdiction in this action is founded on diversity of citizenship, this District is one in which a substantial part of the events or omissions giving rise to Lydian's claims occurred, and the Insurer is subject to personal jurisdiction in this District.

## The Policy

8. On or about April 15, 2005, the Insurer issued a fidelity and crime insurance policy (the "Policy"), Policy Number FID 360955602, to National Settlement Agency, Inc. ("NSA" or the "Insured") located in New York, New York. A copy of the Policy is annexed hereto as Exhibit A and incorporated herein by reference.

9. Subject to certain terms and conditions, the Policy insured for losses with respect to crimes and other dishonest acts of the Insured's employees. The Policy period was April 15, 2005 through April 15, 2008.

### The Insured's Employee's Theft of VirtualBank's Funds

10. As of January through July 2007, the Insured was engaged in the business of providing settlement services for mortgage refinance transactions involving real properties in the State of New York.

11. The services provided by the Insured included maintaining escrow accounts for the deposit of mortgage proceeds and disbursement of those funds in accordance with the settlement statements for such mortgage loans.

12. The Insured was engaged by Lydian to provide the above described services for certain mortgage refinance transactions.

13. The Insured was also engaged by mortgage brokers and other third parties to provide the above described services in certain other mortgage refinance transactions where VirtualBank was the lender.

14. The substance of the Insured's services was that the Insured would receive and hold funds from Lydian in one or more escrow accounts until all steps were taken to obtain for Lydian clear first lien title to the property being mortgaged, and to distribute loan proceeds (consisting of the funds from Lydian) only in such circumstance as Lydian obtained clear first lien title to such property.

15. Lydian entrusted funds to the Insured under the foregoing arrangement. Commencing at a time unknown to Lydian, subsequent to April 15, 2005 and prior to April 15, 2008, one or more employees of the Insured, including Steven Leff ("Leff") began to divert and steal Lydian's funds from the escrow accounts for their own

purposes, rather than use Lydian's escrowed funds for approved mortgage closings, as agreed and as required.

16. Lydian learned of the unlawful diversions of funds through complaints by, among others, sellers of real property whose pre-existing mortgages should have been, but were not, paid in full as a result of approved closings of new mortgages VirtualBank funded on behalf of the new owner/mortgagor. Rather than remit VirtualBank's funds from the escrow accounts as required to pay off such pre-existing mortgages, the Insured's employees diverted VirtualBank's funds from the Escrow Account for their own use.

17. As a result of the Insured's employees' theft of Lydian's funds, Lydian suffered damages not less than $1,398,024.85.

18. On information and belief, Leff provided a signed statement to the FBI admitting that, on numerous occasions, he diverted funds from the Insured's client escrow accounts. Those escrow accounts included accounts maintained for Lydian. On further information and belief, Leff is currently being prosecuted in the United States District Court for the Eastern District of New York for embezzlement of funds belonging to the Insured's clients, including Lydian.

19. Lydian provided notice of its loss as set forth above to the Insurer on or about July 16, 2007.

20. On September 18, 2007, Lydian commenced an action against, inter alia, the Insured and Leff, captioned Lydian Private Bank, d/b/a Virtualbank v. National Settlement Agency, Inc. et al. (United States District Court for the Southern

District of New York, 07-CV-8173) (the "Action"). The Action complained of the Insured's employees' theft of Lydian funds as set forth above.

21. On December 19, 2007, Lydian obtained a judgment (the "Judgment") by default against the Insured and Leff in the Action, in the amount of $1,456,627.25, no part of which has been paid.

22. On February 28, 2008, Lydian served notice of entry of the Judgment on Zurich, and demanded that the Judgment be paid by Zurich to the limit of the Policy. Zurich refused and failed to make such payment.

## AS AND FOR A FIRST CAUSE OF ACTION

23. Lydian repeats and realleges the allegations of paragraphs 1 - 22, above, as if fully set forth herein.

24. Lydian is a person who has obtained a judgment against the Insured for damages for injury sustained and loss and damage sustained during the life of the Policy as set forth above.

25. As such, Lydian is entitled to bring this action against Zurich pursuant to New York Insurance Law § 3420(b) to recover the amount of the unsatisfied Judgment that Lydian holds against the Insured.

26. Lydian is entitled to judgment against Zurich in the full amount permitted by New York Insurance Law § 3420(b).

WHEREFORE, Lydian demands a judgment in favor of Lydian and against Zurich (i) in the full monetary amount permitted by New York Insurance Law § 3420(b) and (ii) granting such other and further relief as this Court may deem just and proper in the circumstances.

Dated: May 1, 2008

          MILLER & WRUBEL P.C.

         By: _____
          Joel M. Miller
          Charles R. Jacob III
          250 Park Avenue
          New York, New York 10177
          (212) 336-3500

          *Attorneys for Plaintiff*
          *Lydian Private Bank,*
           *d/b/a VirtualBank*